36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEOPLE of the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Salvador Field TALLADOC, Defendant-Appellant.
 No. 93-10655.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided Oct. 4, 1994.
 
 1
 Before: LEAVY, KLEINFELD, Circuit Judges, and MARSH,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Salvador Field Talladoc (Talladoc) appeals his convictions for having "intentionally and knowingly delivered and/or possessed with intent to deliver" marijuana. Talladoc claims that the Superior Court of Guam violated his Sixth Amendment right to confrontation when it denied his motion to strike the testimony of Edgardo Valencia (Valencia) after Valencia claimed his Fifth Amendment privilege and refused to answer certain questions on cross-examination.
 
 
 4
 Talladoc was prevented from inquiring about the sale of methamphetamine by Valencia which occurred more than a year after the last transaction between him and Valencia. The parties differ as to whether the inquiry was on a collateral matter.
 
 
 5
 When faced with a similar issue in Denham v. Deeds, 954 F.2d 1501 (9th Cir.1992), we said:
 
 
 6
 Most cases involve defendants seeking to strike the direct testimony of prosecution witnesses who invoke the fifth amendment when cross-examined by defense counsel. The general rule in such cases calls for exclusion of the direct testimony unless the refusal to answer affects only collateral matters.
 
 
 7
 Id. at 1503.
 
 
 8
 The Appellate Division relied upon United States v. Cardillo, 316 F.2d 606 (2d Cir.), cert. denied, 375 U.S. 822 (1963), which states:
 
 
 9
 In determining whether the testimony of a witness who invokes the privilege against self-incrimination during cross-examination may be used against the defendant, a distinction must be drawn between cases in which the assertion of the privilege merely precludes inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination. Where the privilege has been invoked as to purely collateral matters, there is little danger of prejudice to the defendant and, therefore, the witness's testimony may be used against him. On the other hand, if the witness by invoking the privilege precludes inquiry into the details of his direct testimony, there may be a substantial danger of prejudice because the defense is deprived of the right to test the truth of his direct testimony and, therefore, that witness's testimony should be stricken in whole or in part.
 
 
 10
 Cardillo, 316 F.2d at 611 (citations omitted). In Denham, we also relied upon Cardillo.
 
 
 11
 Talladoc argues that evidence of Valencia's access to drugs would allow the jury to infer that Valencia, rather than Talladoc, was the source of the marijuana that he gave to the police after each controlled buy.
 
 
 12
 However, before each controlled buy, the police searched Valencia and the car he was driving. During two of the four controlled buys, the police never lost sight of Valencia before or after he entered Talladoc's home or vehicle. These two buys led to the two convictions Talladoc now appeals. The jury acquitted Talladoc on two other charges that stemmed from controlled buys in which the police lost sight of Valencia before or after he met with Talladoc.
 
 
 13
 Talladoc reasons that the jury could conclude that Valencia obtained the drugs from a source other than Talladoc because the police did not strip search Valencia and, therefore, Valencia could have hidden the marijuana during the pat-down search of his person. See United States v. Norman, 402 F.2d 73, 77 (9th Cir.1968), cert. denied, 397 U.S. 938 (1970) (strip search of the informant prior to the controlled buy showed no other possible source for the drugs at issue). Talladoc does not explain how the jury could reasonably infer, from Valencia's sale of methamphetamine a year after the transactions in question, that Valencia supplied the marijuana in question.
 
 
 14
 Moreover, Valencia's refusal to answer the question on cross-examination did not prevent Talladoc from inquiring into any details of Valencia's direct testimony. Talladoc cross-examined Valencia extensively. On direct, Valencia testified that he had given up drugs because he realized they were bad. The only reason to admit the testimony of the subsequent drug sale would be to impeach that assertion. An inquiry into the credibility of a witness is collateral to that witness's direct testimony because it is not an inquiry into the details of the witness's direct testimony. See Norman, 402 F.2d at 77; Cardillo, 316 F.2d at 611.
 
 
 15
 Talladoc also argues that the trial court violated his right to confront witnesses against him by refusing to order the government to disclose the name of the informant who had purchased the methamphetamine from Valencia. This argument is, in essence, a claim that the trial court improperly limited Talladoc's right to cross-examine Valencia. While the Sixth Amendment guarantees the accused in a criminal trial the right to cross-examine government witnesses, that right is not absolute. United States v. Lopez, 885 F.2d 1428, 1438 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990). "[I]t is subject to the broad discretion of a trial judge to preclude harassment or unduly prejudicial interrogation, or inquiry into matters that are irrelevant." Id. (citations and quotation omitted).
 
 
 16
 Talladoc wished to introduce this evidence primarily to impeach Valencia's testimony. " 'When the trial court excludes evidence tending to impeach a witness, it has not abused its discretion as long as the jury has in its possession sufficient information to appraise the biases and motivations of the witness.' " Id. (quoting United States v. Kennedy, 714 F.2d 968, 973 (9th Cir.1983)).
 
 
 17
 Here, the jury possessed sufficient information regarding Valencia's biases and motivations. For example, the jury was aware that Valencia was arrested for assault the day before the first controlled buy but was never prosecuted; that when he was arrested, the police found marijuana in his car, for which he was never prosecuted; that Valencia had used drugs; that Valencia was paid $100 for acting as an informant in this case, and an additional $100 for acting as an informant in two other cases; that Valencia was uncertain regarding several details of the controlled buys, including the denominations of bills the police gave him and the time of the buys. Valencia's credibility was adequately impeached. Admitting the additional evidence of a motive to testify in favor of the police, which did not arise until over a year after the transactions at issue, would not have affected the jury's assessment of Valencia's credibility.
 
 
 18
 The trial court did not abuse its discretion in refusing to order the government to disclose the name of the informant who had allegedly purchased methamphetamine from Valencia.
 
 
 19
 The judgment of the Superior Court of Guam and the Appellate Division is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3